UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| KARISSA B., <br>     Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, *Commissioner,* <br> *Social Security Administration,* <br>     Defendant. | C.A. No. 23-cv-546-JJM-PAS |

# ORDER

This appeal of a denial of social security disability and supplemental security presents a straightforward question relating to the Commissioner's finding that Karissa B. was not entitled to benefits at Step 5 of the sequential evaluation process because there were "significant numbers" of jobs in the national economy available to her in light of her residual functional capacity ("RFC"). To be clear, Karissa is not challenging the Commissioner's RFC determination, nor is she challenging the Vocational Expert's testimony that there were 10,100 total jobs that Karissa could perform given her RFC. The question is whether substantial evidence supports the Commissioner's finding that 10,100 available jobs in the national economy is a "significant number."[1]

---

[1] The Commissioner found that Karissa's inflammatory arthritis was a severe impairment. She has worked as a real estate agent.

The Commissioner bears the burden at Step 5 "of coming forward with evidence of specific jobs in the national economy that the applicant can still perform." *Seavey v. Barnhart*, 276 F.3d 1, 5 (1st Cir. 2001). The governing regulation states:

> If we find that your residual functional capacity does not enable you to do any of your past relevant work *** we will *** look at your ability to adjust to other work by considering your residual functional capacity and the vocational factors of age, education, and work experience, as appropriate in your case. *** *Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).*

20 C.F.R. § 404.1560 (emphasis added).

The Commissioner has cited no evidence–let alone the required substantial evidence–to support his finding that 10,100 jobs nationwide is significant. The Vocational Expert did not opine about it. *See* ECF No. 6 at 59-63. In his decision, the Administrative Law Judge ("ALJ") did not detail any support or reasons for his bald statement that it is a significant number of jobs. *See* ECF No. 6 at 29-30. Moreover, he cites no evidence concerning the number of jobs "in the region where [Karissa] live[s] or in several regions in the country." 20 C.F.R. § 404.1560.

A review of cases from across the country on this issue do not show any standard for deciding what number of jobs is "significant" or any consensus on what a significant number is.[2] *Lenon v. Apfel*, 191 F. Supp. 2d 968, 979 (E.D. Tenn. 2002)

---

[2] Other courts have attempted to justify a determination that a certain number of jobs is a "significant number" but essentially have picked a number out of thin air and concluded it was significant. *See, e.g.*, *Wayne M. v. Saul*, 3:20 CV 465 (SALM), 2021 WL 1399777, at *16 (D. Conn. Apr. 14, 2021) (8000 jobs nationwide is insufficient); *West v. Chater*, No. C–1–95–739, 1997 WL 764507, at *2–3 (S.D. Ohio

("[t]here is no bright line boundary separating a 'significant number' from insignificant numbers of jobs.").³ "The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). Using its common sense then, the Court reasons that if there are 10,100 jobs nationwide and Rhode Island's (using that as a proxy for the region) population is .328% of the nation's population,⁴ then it is reasonable to infer that, of the 10,100 jobs the Commissioner identified, there are 3.2 jobs in this region which Karissa could perform given her severe disability. Under any standard, common sense dictates that this is not a significant number of available jobs.

The Commissioner, the ALJs, and the courts should always remember when evaluating disability claims under the Social Security Act, that the Act is remedial in

---

Aug. 21, 1997) (as a matter of law, 100 jobs in the local economy not significant); *Waters v. Sec'y of Health and Human Servs.*, 827 F. Supp. 446, 448–50 (W.D. Mich. 1992) (1,000 jobs in the state of Michigan not significant); *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177 (W.D.N.Y. 2018) (numbers "between 9,000 and 10,000 jobs–have typically been found to be sufficiently 'significant' to meet the Commissioner's burden).

³ The Commissioner, citing another district court case, tries to convince the Court that a "significant number is fairly minimal." *Brownell v. Berryhill*, No. 17-11462-FDS, 2018 WL 3150222, at *14 (D. Mass. June 27, 2018) (quoting *Fox v. Comm'r of Soc. Sec.*, 2009 WL 367628, at *20 (N.D.N.Y. Feb. 13, 2009)). The Court rejects this interpretation because it turns the actual language of the regulation on its head. Something that is significant is not also minimal. *Maxwell v. Saul*, 971 F.3d 1128, 1131 (9th Cir. 2020) (citing Merriam Webster Dictionary, *available at* https://www.merriam-webster.com/dictionary/significant (defining "significant" as "a noticeably or measurably large amount")).

⁴ The United States population is about 333.3 million and Rhode Island's population is about 1,094,000.

nature[5] and therefore the statute and its regulations should be construed broadly and applied liberally. *See, e.g.*, *Conklin v. Celebrezze*, 319 F.2d 569, 571 (7th Cir. 1963). And "while the Act does not create vested rights, the System is a contributory one, in which claimants (or their beneficiaries) are not to be treated as recipients of gratuities, but as insured wage earners, entitled to no less than a 'liberal and broad construction' will allow. *Haberman v. Finch*, 418 F.2d 664, 667 (2d Cir. 1969) (citing *Schmiedigen v. Celebrezze*, 245 F. Supp. 825, 827 (D.D.C 1965)). Because the Commissioner did not have substantial evidence that significant number of jobs exists, and in fact the evidence is that there are not significant numbers of jobs available, the Court must award Karissa B. benefits.[6]

The Court GRANTS Karissa's Motion to Reverse (ECF No. 8) and DENIES the Commissioner's Motion to Affirm (ECF No. 10), and orders the Commission to pay benefits to Karissa B. It is hereby adjudged that the Court remands this case to the Commissioner under sentence four of Section 205(g) of the Social Security Act, 42

---

[5] "[A] remedial statute is a statute that is 'designed to correct an existing oversight in the law, redress an existing grievance, introduce regulations conducive to the public good, or ... reform or extend existing rights.'" *Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 633–34 (E.D. Mich. 2017) (citing *Duffy v. Grange Ins. Co.*, No. 290198, 2010 WL 3655979, at *2 (Mich. Ct. App. Sept. 21, 2010). It is also defined as a statute that is related to "'the means employed to enforce a right or redress an injury.'" *Id.* (quoting *Rookledge v. Garwood*, 65 N.W.2d 785 (1954)).

[6] In his Motion to Affirm, the Commissioner asserts that Karissa waived her right to object to the ALJ's finding because she did not cross-examine the vocational expert on this topic. But this misses two points; first, it is the Commissioner's burden at Step 5, and second and more importantly, the vocational expert did not testify about whether a significant number of jobs existed. He merely stated the raw number of jobs.

U.S.C. § 405(g) and directs that this matter is allowed finding the claimant disabled and awarded benefits.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

May 9, 2024